Filed 12/23/14  P. v. Ratliff CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEVERON JACQUES RATLIFF,<br><br>    Defendant and Appellant. | E061311<br><br>(Super.Ct.No. RIF091977)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Christian F. Thierbach, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

On July 19, 2002, defendant and appellant Deveron Jacques Ratliff was sentenced to 25 years to life plus 24 years in state prison for violations of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1), count 2) and possession of a firearm by a convicted felon (former § 12021, subd. (a)(1), count 4).[2] The sentence included time imposed for a personal firearm use enhancement (§ 12022.5, subd. (a)), a gang enhancement (§ 186.22, subd. (b)), and having prior serious felony convictions (§ 667, subd. (a)). The trial court awarded defendant 745 days of presentence custody credit (648 actual and 97 conduct). On August 14, 2002, the court considered a probation memorandum and gave defendant an additional seven days of presentence custody credit (654 actual and 98 conduct), for a total of 752 days.[3] On November 18, 2004, the court modified defendant's sentence by striking the 10-year term for the gang enhancement and imposing a minimum parole eligibility term of 15 years. (§ 186.22, subd. (b)(5).) On May 16, 2014, defendant filed a motion for correction of presentence custody credits, pursuant to section 1237.1, arguing that he was entitled to additional presentence custody credits for time spent in jail in Arkansas, prior to being arraigned in California. The court held an ex parte hearing and denied the motion.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] Section 12021 was repealed in 2012.

[3] On August 19, 2014, pursuant to a letter from appellate counsel, the court amended the abstract of judgment to reflect 752 days of presentence custody credits.

2

Defendant filed a notice of appeal regarding the order denying his motion for correction of presentence custody credits. We affirm.

## PROCEDURAL BACKGROUND

Defendant was convicted of one count of assault with a deadly weapon (§ 245, subd. (a)(1)) and possession of a firearm by a convicted felon (former § 12021, subd. (a)(1)).

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potential arguable issue: whether defendant is entitled to credit for the days spent in custody in Arkansas, which are attributable to this case. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

3

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST _____
J.

We concur:


RAMIREZ _____
P. J.


KING _____
J.

4